IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERNAN O'RYAN CASTRO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 09-00589 JSW

**AMENDED ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment filed by Defendant, the United States of America. The Court finds the motion appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing and case management conference date of June 26, 2009. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendant's motion.

**BACKGROUND**

On July 14, 1992, Plaintiff Hernan O'Ryan Castro ("Castro") was convicted and sentenced to 240 months for conspiracy to possess with intent to distribute cocaine and conspiracy to import into the United States multi-kilo quantities of cocaine hydrochloride. (*See* Declaration of Kim Beakey ("Beakey Decl."), Ex. 1.)[1] The sentencing court waived the imposition of a fine. (Declaration of Hernan O. Castro ("Castro Decl.") at ¶ 5.) From

---

[1] Castro's request for the Court to "adopt" the exhibits attached to the Beakey Declaration is GRANTED. The documents examined for purposes of this motion are judicially noticeable. *See* Fed. R. Evid. 201(b).

November 9, 2005 until November 11, 2007, Castro was at the Satellite Prison Camp in Leavenworth, Kansas. (Beakey Decl., Ex. 2.) On November 11, 2007, Castro was permitted to transfer from the Leavenworth facility to a Residential Reentry Center ("RRC") in San Francisco. Castro arrived at the San Francisco RRC (also known as a halfway house) on November 13, 2007. (*Id.*)

Placement in a halfway house toward the end of an inmate's sentence is designed to help inmates transition back to the community. (*Id*. at ¶ 5.) All inmates who transfer to a halfway house or RRC must agree to participate in the Subsistence Program, which is set forth in the Program Statement 7300.09, *Community Corrections Manual* ("the Manual"). The Manual provides, in pertinent part:

> To promote financial responsibility and offset the cost of incarceration, the Bureau requires inmates to make subsistence payments to contractors. Contractors shall collect 25% of each employed inmate's weekly gross income not to exceed the daily inmate-day rate.

(*Id*., Ex. 3 at 30 (§ 5.13.1).) The Manual also provides that inmates who fail to pay the subsistence "may have privileges withheld or disciplinary action taken, including termination from the program. Unless otherwise indicated by the court, supervision cases shall pay subsistence." (*Id*.)

On June 21, 2007, Castro signed the Community Based Program Agreement, which states in pertinent part:

> I understand that while a resident of a community corrections center or work release program I will be expected to contribute to the cost of my residence through payments to the contractor and I agree to make such payments, I understand that failure to make payments may result in my removal from a community-based program.

(*Id*., Ex. 4.) Castro paid a total of $997.00 to the Contractor of the San Francisco RRC, Cornell Companies, which was used to offset the amount incurred by the Bureau of Prisons ("BOP") to house him. (*Id.* at ¶¶ 10, Ex. 7.)

Castro was allowed to transfer to home confinement on April 24, 2008, and was then released from BOP custody on May 9, 2008. On November 14, 2007, the day after his transfer to the RRC, Castro filed a habeas corpus petition with the United States District Court for the

1  Northern District of California (Case No. 07-5775 PJH), seeking a declaration by the court that
2  he was exempt from making subsistence payments while at RRC. (Castro Decl. at ¶ 17.) After
3  Castro's release from the RRC, the court issued an order to show cause why the issued was not
4  moot . Thereafter, the Court dismissed the petition by order dated September 23, 2008 as
5  Castro had filed no response to the order to show cause and, upon his release, the claim was
6  indeed moot. (*Id.* at ¶ 19.)

   On February 9, 2009, Castro filed this action pursuant to the Little Tucker Act, 28
8  U.S.C. 1346(a)(2), for return of the $997.00 he paid to the RRC's contractor in subsistence
9  payments, alleging that he is exempt from making the contributions pursuant to 28 C.F.R. §
10 505.3. This section provides that "[i]nmates who began service of sentence before January 1,
11 1995, or who have had a fine either imposed or expressed waived by the United States District
12 Court, ... are exempt from fee assessment otherwise required by this part." Having been
13 sentenced in 1992, Castro sues for a refund of his subsistence payments.

## ANALYSIS

### A. Legal Standard on Motion for Summary Judgment.

16 A principal purpose of the summary judgment procedure is to identify and dispose of
17 factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In
18 order to withstand a motion for summary judgment, the opposing party must set forth specific
19 facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A
20 dispute about a material fact is genuine "if the evidence is such that a reasonable jury could
21 return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248
22 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of
23 law." *Celotex Corp*., 477 at 323. In opposing summary judgment, Plaintiff is not entitled to
24 rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
25 *Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
26 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
27 making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific
28 facts supported by admissible evidence, i.e., affidavits or certified deposition testimony,

3

showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact").

In this instance, the parties do not dispute the facts. The issue before the Court is a pure issue of law; that is, whether Castro is entitled to reimbursement of the subsistence payments of $997.00 he made to the contractor at the halfway house during his stay there.

**B.    Jurisdictional Issues.**

Castro claims he has the right to reimbursement of his subsistence payments under the Little Tucker Act and under the regulations permitting the Attorney General to assess costs to be imposed on inmates of the BOP. *See* 18 U.S.C. § 1346(a)(2). However, in *Eaton v. United States*, 178 F.3d 902, 904 (7th Cir. 1999), the appellate court held that the trial court should have dismissed a similar claim of an inmate who sought the return of his subsistence payments to a halfway house for "want of jurisdiction." The *Eaton* court held that the inmate might have secured jurisdiction for his claim based on the FTCA, but had failed to exhaust his administrative remedies. *Id.*[2] The court also opined that jurisdiction might have been proper had the inmate sued for rescission under 28 U.S.C. § 1346(a)(2) "although ordinarily the plaintiff in such a case must restore the benefit he has received from the contract that he wants to rescind (which [the inmate] obviously cannot do, having accepted the transfer to the halfway house and completed his term there)." *Id.* However, the court also held that restoration of the benefit is not always required. In addition, Castro makes an argument that, in essence, he is proceeding for rescission to recover a debt under another money-mandating statute. (*See* Opp. Br. at 7-9.) Although a challenge to the provision for subsistence payments may be barred, it appears that Castro is mistakenly challenging a provision which may enable jurisdiction. Therefore, in an effort to clear up the confusion, the Court proceeds to the merits of his claim.

---

[2] Defendant moves to dismiss for lack of subject matter jurisdiction based on the fact that Castro has not exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"). Castro clarifies in his opposition brief that he does not make a claim under the FTCA. Therefore, the Court does not address the exhaustion of remedies issue under the FTCA.

4

**C.      Defendant is Entitled to Summary Judgment on the Merits.**

Castro alleges that he had to pay 25% of his income pursuant to 18 U.S.C. § 4001 and 28 C.F.R. § 0.96c but, by the terms of 28 C.F.R. § 505.3 and the provision in the Manual, as an inmate sentenced prior to January 1, 1995, he should have been exempt. However, there is a clear distinction between the subsistence payments and assessment of a fine or a fee. The sentencing court waived a fine and Castro was exempt from assessment of a fee. The cost of incarceration fee (or "COIF") applies to prisoners who are convicted in the district courts and committed to the custody of the Attorney General and are serving a term commencing after January 1, 1995. (*See* Beakey Decl., Ex. 3 at 38 (§ 5.15)); *see also* 28 C.F.R. § 505.3. Because Castro was sentenced in 1992, such a fee does not apply to him.

However, the Manual explicitly provides for an entirely distinct payment program, entitled the Offender Subsistence Collection which is indeed applicable to Castro. The subsistence program, under the auspices of the BOP, was designed to "promote financial responsibility and offset the cost of incarceration." (*Id.* at 30 (§ 5.13.1).) Under the program, "the [BOP] requires inmates to make subsistence payments to contractors. Contractors shall collect 25% of each employed inmate's weekly gross income not to excess the daily inmate-day rate." (*Id.*) This provision required that Castro contribute 25% of his salary to promote his own financial responsibility and to contribute to his living situation.

There is an important distinction between the subsistence program and the COIF program. The subsistence program is a condition of placement in the halfway house the BOP put in place to encourage financial responsibility in order that inmates may reintegrate into society. The subsistence program arises from BOP policy and emanates from the BOP's general statutory authority to manage the prisons. (*See id.* at ¶ 5.) The COIF is a separate fee assessment applicable to inmates sentenced after 1995 as a fee. Castro was not liable for the fees because of his early sentencing and was not liable for a fine because any fine was specifically waived by the sentencing court. However, these exclusions do not change the BOP's ability to assess a subsistence payment under the offender subsistence collection provision of the Manual for the time Castro was resident at the halfway house.

The Court finds the assessment of the 25% of Castro's wages during the time of his stay at the San Francisco RRC to have been within the delegation of the BOP's authority to manage the prisons and therefore, Castro may not maintain a cause of action for return of such money under the Little Tucker Act.[3]  Accordingly, the motion for summary judgment is GRANTED. The matter is dismissed and the Clerk shall enter a separate judgment.

**IT IS SO ORDERED.**

Dated: June 24, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Castro's motion for class certification is DENIED as Castro fails to represent a viable class of plaintiffs.

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HERNAN O'RYAN CASTRO,

        Plaintiff,

  v.

USA et al,

        Defendant.

Case Number: CV09-00589 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hernan O'Ryan Castro
15 Carleton Avenue
Daly City, CA 94015-3805

Dated: June 24, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk